(No. 3041—

ANDREW BUBATZ ET AL., Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 15, 1937.*

BUTZ, HUTCHINSON, NUTT & MURPHY, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The surviving heirs of Thomas Bubatz, deceased, petition this court for an award, alleging that the death of Thomas Bubatz was a result of a disease contracted in line of duty as a member of the Illinois National Guard. The files of the office of the Adjutant General show that Thomas A. Bubatz was a private in Company E, 108th Combat Engineers and was on duty at the Second Army Maneuvers with his organization from August 8-22, 1936 at Camp Custer, Michigan. It appears that he reported at camp hospital on August 17 and complained of stomach pains and dysentery. He was examined on that date by Captain Malcom Kemper, M. C. of his regiment, who diagnosed the case as acute gastro-enteritis. He was not hospitalized but returned to duty. The report of the board on his sickness indicates the disease was incurred in line of duty. He returned to his home with his command on August 22, 1936. On August 26 he consulted Dr. R. C. Buboltz of West 43rd Street, Chicago and complained of having had dysentery with severe abdominal pains on Monday, August 24. Dr. Buboltz examined him at that time and there was no evidence of appendicitis and treated him for acute dysentery. He responded, supposedly, to the medication and felt much better on Tuesday. The doctor contemplated calling on Tuesday but the doctor's call was cancelled by Bubatz' family. On Wednesday the doctor was called again and after a careful examination he diagnosed the case as acute appendicitis. This soldier was taken to the German Deacon hospital at 54th and Logan Street, Chicago, where he was operated on and found to have an acute gang-rene ruptured appendix with the abdominal cavity filled with pus. He died August 29. The doctor testified that on August 26th he took this soldier to the hospital and performed an operation. The operation disclosed the entire

gastro-intestinal tract was infected with general peritonitis; that in his opinion infective dysentery had been present for a week or more; that the dysentery had caused an acute gangrenous appendix which had ruptured. The appendix was removed but the entire abdominal cavity was filled with pus and the deceased died on August 29, 1936. The doctor further testified that in his opinion death was a result of dysentery or gastro-enteritis contracted during the encampment. The record discloses that the claimant left his father, Andrew Bubatz, his mother, Josephine Bubatz, who appears to have been entirely dependent upon him. The deceased was an employee of the International Harvester Company and earned Fifteen ($15.00) Dollars a week. It appears from the record that he turned practically this entire sum over to his mother weekly. He was a young man about 20 years of age. From the examination of the testimony of the record, we conclude that the death of Thomas Bubatz after an operation which disclosed a ruptured gangrenous appendix, was caused by dysentery or gastro-enteritis contracted in line of duty. We have heretofore held in accordance with the following:

"Where it clearly appears that member of Illinois National Guard contracted disease while in the performance of his duties, resulting in his death, an award may be made to his dependent under the provisions of the Military and Naval Code.

*Casey* vs. *State*, 8 C. C. R. 754.

The State Court of Claims shall act on and adjust such claims as the merits of each case may demand.

*Chap. 129, Art. 16, Sec. 11, Par. 143, Illinois State Bar Statutes, 1935.*"

After considering the age of claimants' intestate, his illness, burial expenses, etc., we are of the opinion that the father, Andrew Bubatz and mother, Josephine Bubatz were practically entirely dependent upon this deceased soldier and we recommend to the legislature an award in this case in favor of the said father and mother in the sum of Five Thousand ($5,000.00) Dollars.